IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS L. JUSTUS,

     Plaintiff,

                                     Civil Action 2:12-cv-126
    v.                                 Judge Edmund A. Sargus
                                     Magistrate Judge Elizabeth P. Deavers

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

## ORDER

Plaintiff, Thomas L. Justus, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3)

for review of a final decision of the Commissioner of Social Security ("Commissioner") denying

his application for supplemental security income.  This matter is before the Court for

consideration of the February 8, 2013 Report and Recommendation of the United States

Magistrate Judge (ECF No. 18) and Plaintiff's Objections to the Report and Recommendation

(ECF No. 19).  For the reasons that follow, Plaintiff's Objections are **OVERRULED** and the

Report and Recommendation is **ADOPTED**.  Accordingly, the Commissioner's decision is

**AFFIRMED**.

### I.

If a party objects within the allotted time to a report and recommendation, the Court

"shall make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed.

R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal; citation omitted). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner or agency] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## II.

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge. In his Objections, Plaintiff submits several of the same arguments he advanced in his Statement of Errors. For example, he again posits that the administrative law

2

judge ("ALJ") erroneously relied upon the Vocational Expert's ("VE") testimony. Plaintiff

maintains that the ALJ's reliance was improper because the VE's testimony is inconsistent with

the DOT.[1] Plaintiff posits that "[n]either the ALJ nor the Magistrate Judge addressed this

inconsistency and this Court should reverse the decision for being unsupported by substantial

evidence . . . ." (Pl.'s Obj. 1–2, ECF No. 19.)

> The Magistrate Judge analyzed this contention of error as follows:

> According to Plaintiff, the limitations the ALJ set forth in his hypothetical to the VE, specifically the limitations of illiteracy and simple, routine, and repetitive tasks, fall between DOT's General Educational Development ("GED") reasoning development level of one and two. At reasoning development level two, occupations might necessitate applying "commonsense understanding to carry out detailed but uninvolved written or oral instructions" and dealing with "problems involving a few concrete variables in or from standardized situations." 2 Dictionary of Occupational Titles app. C, at 1011 (4th ed. 1991). Noting that the representative job titles the VE identified are GED development level of 2 under the DOT, Plaintiff opines that "it is impossible to know how many of the jobs bearing reasoning level two" could be performed by "an illiterate individual who was limited to 'simple, routine, repetitive tasks'" because the VE "provided no estimate of how many . . . positions" and "offered no explanation for this deviation." (Pl.'s Statement of Errors 6, ECF No. 11.) Plaintiff concludes that the ALJ failed to meet his step five burden because he accepted the VE's testimony without attempting to resolve the foregoing conflict.

> Plaintiff is correct that "[t]he Social Security Administration imposes an affirmative duty on ALJs to ask if the evidence they have provided 'conflicts with the information provided in the DOT.'" *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) (quoting SSR 00-4p, 2000 WL 1898704, at \*4 (Dec. 4, 2000)). Further, where the conflict between the DOT and the VE's testimony is apparent, the ALJ must further develop the record. *Lindsley*, 560 F.3d at 606; SSR 00–4p. An ALJ may choose to rely on VE testimony in complex cases, even where there is an apparent conflict, "given the VE's ability to tailor her finding to an 'individual's particular residual functional capacity.'" *Beinlich v. Comm'r of Soc. Sec.,* 345 F. App'x 163, 168–69 (6th Cir. 2009) (quoting *Wright v. Massanari*, 321 F.3d 611, 616

---

[1] More specifically, Plaintiff submits that VE failed to explain how the RFC limitations the ALJ set forth were consistent with job titles offered at reasoning level two of the General Educational Development ("GED") reasoning development level set forth in the *Dictionary of Occupational Titles* ("DOT").

(6th Cir. 2003) and citing SSR 00–4p (noting that "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE . . . may be able to provide more specific information about jobs or occupations than the DOT.")); *Lindsley,* 560 F.3d at 606.

In the instant case, the Undersigned concludes that the ALJ satisfied his burden. As set forth above, after identifying representative jobs, the VE clarified that his testimony deviated from the DOT as follows:

> I'd like to say that, with regards to all three of these jobs, they have GED levels of at least a 1 or 2, and what that means is, in the DOT it says that for these jobs a person may have to recognize the meaning of 2,500 two- or three-syllable words, possibly have to read up to a rate of 95 to 120 words per minute. However, I can say, based on my professional experience, that these jobs that I've given, the reduced – extremely reduced numbers that I've given, demand no reading whatsoever, no writing whatsoever. So it does deviate from the DOT."

(R. at 93.) After this explanation, the ALJ further queried: "Other than that explanation of variance, has your testimony been consistent with information contained in the Dictionary of Occupational Titles?" (R. at 94-95.) The VE then confirmed that the remainder of his testimony was consistent with the DOT. Plaintiff's counsel was afforded an opportunity to cross-examine the VE, but declined. (R. at 95.) Under these circumstances, the ALJ properly relied upon the VE's testimony in his step-five analysis. *See Louden v. Comm'r of Soc. Sec.,* No. 11-6037, 2012 WL 6028580, at *2 (6th Cir. Dec. 4, 2012) (internal citations omitted) ("The ALJ satisfied his burden by asking the vocational expert if her testimony was consistent with the Dictionary of Occupational Titles. [The claimant's] attorney had the opportunity, but failed to cross-examine the [VE] regarding her position that her testimony was consistent with specific provisions of the [DOT]. Accordingly, the [VE's] testimony constituted substantial evidence that [the claimant] could perform her past relevant work . . . ."); *Beinlich,* 345 F. App'x at 168–69 ("[T]he ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00–4p. This obligation falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT. The fact that plaintiff's counsel did not do so is not grounds for relief.").

(Report and Rec. 16–18, ECF No. 18.)

The Court agrees with the Magistrate Judge's analysis and conclusion concerning the

ALJ's reliance on the VE's testimony. As the Magistrate Judge explained, Plaintiff's attempts to

convince the Court of the existence of a conflict at this juncture are unavailing in light of the

ALJ's satisfaction of his burden under SSR 00–4p.

Plaintiff also continues to argue that the ALJ should have incorporated additional

limitations in attention, concentration, and persistence given that Dr. Dietz found moderate

limitations in this area. The Magistrate Judge analyzed this issue as follows:

> Plaintiff next posits that the ALJ erred in failing to account for the moderate
> limitations in attention, concentration, and persistence that Dr. Dietz found given the
> ALJ's assignment of "great weight" to his opinion. (Pl.'s Statement of Errors 9, ECF
> No. 11.) This argument reveals Plaintiff's misunderstanding of the significance of
> those findings on the Mental Residual Functional Capacity Assessment form Dr.
> Dietz completed. The Social Security Administration's Programs Operations Manual
> System ("POMS") clarifies that the "Moderately Limited" boxes Dr. Dietz checked
> are simply part of a worksheet that "does not constitute the [doctor's actual] RFC
> assessment." POMS DI § 24510.060(B)(2), *available at* https://secure.ssa.
> gov/apps10/poms.nsf/lnx/0424510060. Checking the box "Moderately Limited"
> notes only that the claimant's capacity is impaired; it does not indicate the degree and
> extent of the limitation. *See id.* § 24510.063(B)(2). Rather, the medical consultant
> must record "the actual mental RFC assessment" in Section III. *Id.* at §
> 24510.060(B)(4).
>
> In accordance with the foregoing directives, Dr. Dietz, in Section III of the
> Mental RFC Assessment form, recorded his mental RFC assessment, which was
> accompanied by a narrative discussion supporting his assessment. (R. at 802.) More
> specifically, Dr. Dietz opined that Plaintiff was "capable of completing 3 to 4 step
> tasks that do not have strict production standards or schedules and which [do] not
> require more than superficial interactions with others." (*Id.*) Having accorded Dr.
> Dietz's opinion "great weight," the ALJ incorporated Dr. Dietz's Section III mental
> RFC assessment into his RFC determination. (R. at 15–16.) Accordingly, the ALJ
> did not err in his interpretation of Dr. Dietz's opinion.

(*Id.* at 19–20.) In his Objections, Plaintiff concedes that the Magistrate Judge correctly described

the significance of each of the sections on the Mental Residual Functional Capacity Assessment.

He nevertheless persists in arguing that the ALJ should have incorporated limitations to account for boxes Dr. Dietz checked in Section I of the Mental RFC Assessment form. Plaintiff opines that the ALJ erred in considering only Dr. Dietz's Section III findings because "there is no way to reconcile" his Section I and Section III findings. (Pl.'s Obj. 4–5, ECF No. 19.)

The Court finds Plaintiff's continued challenge to the ALJ's treatment of Dr. Dietz's assessment unpersuasive. As the Magistrate Judge explained, the findings in Section I "do not indicate the degree and extent of the limitation." (Report and Rec. 19–20, ECF No. 18 (citing POMS DI § 24510.060(B)(2)).) For this reason, courts find no error when an ALJ fails to account for limitations set forth only in Section I of a Mental RFC Assessment form. *See e.g.*, *Jones v. Comm'r of Soc. Sec.*, 478 F. App'x 610, 612 (11th Cir. 2012) (internal quotation marks and citation omitted) (rejecting claimant's contention that the ALJ should have accounted for the marked limitations the medical source identified in Section I of a Mental RFC Assessment form, explaining that the boxes checked in Section I "are only part of a worksheet that does not constitute the doctors' actual RFC assessment"); *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 636–37 (3d Cir. 2010) (finding no error where the ALJ accords little or no weight to a medical source's findings at Section I, explaining that Section I is simply part of a worksheet to aid the physician as contrasted with Section III, which reflects the RFC assessment, and further concluding that the claimant "cannot rely on the worksheet component" of a Mental RFC Assessment form); *Dixon v. Comm'r of Soc. Sec.*, No. 3:11-cv-482, 2012 WL 2826970, at \*14 (N.D. Ohio July 10, 2012) (collecting cases that establish that "an ALJ is not obligated to include a doctor's findings contained within Section I of the MRFCA in the ALJ's RFC assessment"); *see also Kane v. Astrue*, No. 1:10CV1874, 2012 WL 5357781, at \*3 (N.D. Ohio Oct. 31, 2012)

6

(noting that where there are apparent differences between Section I findings and the restrictions set forth in Section III, "the mental RFC assessment contained in Section III controls"). Consistently, the Court agrees with the Magistrate Judge that the ALJ did not err in failing to include more restrictive limitations to account for the limitations Dr. Dietz identified within Step I of the Mental RFC Assessment form.

The undersigned has reviewed the remainder of Plaintiff's challenges. With regards to each of these arguments, the Court finds the decision and analysis of the Magistrate Judge to be correct. Accordingly, the Court overrules Plaintiff's objections and adopts as its own decision the Report and Recommendation of the Magistrate Judge.

## III.

In sum, having conducted a *de novo* review, the Court finds Plaintiff's Objections to be without merit and the reasoning and analysis of the Magistrate Judge to be correct. Accordingly, Plaintiff's Objections (ECF No. 19) are **OVERRULED**; the Report and Recommendation (ECF No. 18) is **ADOPTED**; and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

3 - 8 - 2013
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

7